LAW OFFICE OF NORMAN NEWHOUSE
NORMAN NEWHOUSE, No. 104746
483 Seaport Court, Suite 103
Redwood City, CA 94063
Telephone: 650-365-8534
Facsimile: 650-365-1218

Attorney for Plaintiff TARLOCHAN SOHAL

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TARLOCHAN SOHAL, an individual,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF MERCED POLICE DEPARTMENT, CITY OF MERCED POLICE SERGEANT ROD DASH, DOES 1 THROUGH 50,<br><br>Defendants. | Case No.:<br><br>COMPLAINT FOR DAMAGES, GOVERNMENT ENTITY TORTS, UNREASONABLE SEIZURE OF PERSON AND PROPERTY (United States Constitution 4Th and 14th amendments; 28 USC 1983)<br><br>PLAINTIFF DEMANDS TRIAL BY JURY |

## JURISDICTIONAL ALLEGATIONS

Plaintiff Tarlochan Sohal alleges:

1. At all times alleged herein plaintiff Tarlochan Sohal (Sohal) was an adult person residing in Merced County, California. Sohal is, and at all times alleged herein was, also a reserve deputy sheriff with the Merced County Sheriffs Department.

2. At all times alleged herein defendant Rod Dash (Dash) was a sworn officer and a Sergeant and supervisor in the City of Merced Police Department.

3. Defendant city of Merced Police Department is, and at all times mentioned in this complaint was, a City of Merced government entity.

4. Plaintiff is required to and has filed a government entity claim against the City of Merced.

5. Plaintiff alleges as does 1 through 50 being ignorant of their true identities and will amend this complaint when their true identities are ascertained.

## FACTUAL ALLEGATIONS

6. Plaintiff hereby realleges and incorporates by reference herein as if fully set forth here, paragraphs 1 through 5 of this complaint.

7. On May 5, 2008 Sohal was in the office, located at 3070 M St., Suite 5 in Merced, California, which he shares with Ruth Alejo when a dispute between them arose. Sonia Alshami was also in the office and placed a 911 call to the Merced Police Department.

8. Merced police officers, including Officer Samuel Sannadan, arrived, at the office took Sohal into custody and seized Sohal's 40 caliber Glock pistol, Black Hawk holster, seven S&W cartridges, and Merced County Sheriff's office badge and identification card. Despite repeated requests and applications, Sohal's pistol, holster and cartridges have never been returned to him.

9. The officers interviewed Alejo and Alshami and, after Mirandizing Sohal, interviewed him.

10. While the events described in paragraphs 6 through 9 were going on, Dash came to the scene. After speaking with the officers on the scene Dash called Sohal a "raghead" in the context of telling the other officers to arrest Sohal; saying words to the effect that the other officers should "before you cut that raghead loose, let me call his supervisor."

11. Merced police officers placed Sohal under arrest for domestic violence and transported and booked him at the Merced County Sheriff's Office Main jail in the City of Merced.

12. Sohal obtained a copy of the recording of the incident that was made by Officer Samuel Sannadan and discovered that the portion of the tape wherein Dash called him a raghead had not been provided. The words spoken by Dash had either been erased or the portion of the tape containing those words was not duplicated and given to Sohal.

## DAMAGES ALLEGATIONS

13. Plaintiff hereby realleges and incorporates by reference herein as if fully set forth here, paragraphs 1 through 12 of this complaint.

14. As a proximate result of the acts of defendants herein alleged, plaintiff has been

compelled to secure the services of an attorney for which plaintiff was, and will be required, to expend money to his damage.

15. At the time of the acts of defendants herein alleged, plaintiff was employed and was limited and will continue to be limited in attending to his occupation, and therefore suffered, and continues to suffer, income loss and loss of earning capacity in an amount which is unknown this time.

16. As a proximate result of the acts of defendants herein alleged, plaintiff suffered, and continues to suffer, emotional distress in the form of anguish, fright, horror, nervousness, grief, anxiety, what worry, shock, humiliation, and shame.

17. As a proximate result of the acts of defendants herein alleged, plaintiff has suffered loss of and loss of use of property, namely plaintiff's Sohal's 40 caliber Glock pistol, Black Hawk holster, seven S&W cartridges.

**FIRST CAUSE OF ACTION
AGAINST MERCED POLICE SARGENT ROD DASH
FOR VIOLATION OF CALIFORNIA BANE ACT (California Civil Code §52.1)**

18. Plaintiff hereby realleges and incorporates by reference herein as if fully set forth here, paragraphs 1 through 17 of this complaint.

19. By having Sohal arrested based on his ethnicity and religion, Dash intentionally interfered with Sohal's rights to be free from unreasonable seizure of his person and personal property, rights secured by the United States and California Constitution s and laws of the State of California. Dash used intimidation and coercion to interfere with Sohal's rights to be free from unreasonable seizure of his person and personal property, rights secured by the United States and California Constitutions and laws of the State of California.

**SECOND CAUSE OF ACTION
AGAINST MERCED POLICE SARGENT ROD DASH
FOR DISCRIMINATION WHICH DEPRIVED PLAINTIFF OF HIS
CONSTITUTIONAL RIGHT TO EQUAL PROTECTION
(28 USC 1483; 14th amendment United States Constitution)**

20. Plaintiff hereby realleges and incorporates by reference herein as if fully set forth here, paragraphs 1 through 19 of this complaint.

21. Plaintiff is a member of a protected class based on his race and religion as a

Indian and a Sikh and is entitled to be free of discrimination that deprives him of his equal protection rights under the United States and California constitutions and California law.

22. Dash was acting under color of law and in a supervisory capacity when he discriminated against plaintiff because of his ethnicity and religion. Dash is not Indian or Sikh. Dash did not treat plaintiff in the same way as he treats non-Indian persons of the Sikh religion.

### THIRD CAUSE OF ACTION
### AGAINST MERCED POLICE DEPARTMENT
### FOR VIOLATION OF PLAINTIFF'S RIGHT TO BE FREE OF UNREASONABLE SEIZURE (Fourth Amendment United States Constitution; 28 USC 1983)

23. Plaintiff hereby realleges and incorporates by reference herein as if fully set forth here, paragraphs # through # of this complaint.

24. Defendants taking plaintiff's personal property without providing either adequate notice or an opportunity to retrieve his personal property and retaining and refusing to return plaintiff's personal property without a legitimate government interest violated plaintiff's United States and California constitutional right to be free of unreasonable seizure of his personal property.

### FOURTH CAUSE OF ACTION
### AGAINST MERCED POLICE DEPARTMENT
### FOR VIOLATION OF PLAINTIFF'S RIGHT TO DUE PROCESS
### (14th amendment United States Constitution; 28 USC 1983)

25. Plaintiff hereby realleges and incorporates by reference herein as if fully set forth here, paragraphs 1 through 24 of this complaint.

26. Merced Police Department is acting or purporting to act in the performance of its official duties in refusing to return Sohal's personal property to him.

27. Sohal was erroneously deprived of his interest in his personal property through the procedures used by the Merced Police Department in depriving him of his personal property.

28. Merced Police Department's procedural safeguards were, and are, inadequate to protect Sohal from the risk of erroneous deprivation of his personal property. Additional or substitute procedural safeguards to protect Sohal from the risk of erroneous deprivation of his personal property would not impose no fiscal, procedural, administrative or other burden on the

Merced Police Department.

### FIFTH CAUSE OF ACTION
### FOR INTENTIONAL ALTERATION OF LEGAL RECORD INTENDED TO BE EVIDENCE (Penal Code §470)

29.  Plaintiff hereby realleges and incorporates by reference herein as if fully set forth here, paragraphs 1 through 28 of this complaint.

30.  The tape recording of Dash calling Sohal a "Raghead" is a record of statements by persons at the scene of Sohal's arrest which is by law evidence. City of Merced Police department intentionally altered the tape recording to deprive Sohal of the evidence that Dash discriminated against him due to his race and ethnicity"

31.  Sohal is injured by the corruption of the tape recording because he is deprived of evidence to prosecute this lawsuit.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Sargent Rod Dash and City of Merced Police Department as follows:

1.  For all income lost, past and future, according to proof.
2.  For all emotional distress pain and suffering and general damages according to proof.
3.  For attorneys fees as provided by law.
4.  For cost of suit herein.
5.  For all such other and further relief as the court may deem proper.

DATED: January 22, 2009            LAW OFFICE OF NORMAN NEWHOUSE

_____
NORMAN NEWHOUSE
Attorney for Plaintiff, TARLOCHAN SOHAL