IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TARLOCHAN SOHAL, <br><br> Plaintiff, <br><br> v. <br><br> CITY OF MERCED POLICE DEPARTMENT, CITY OF MERCED POLICE SERGEANT ROD DASH, and DOES 1 through 50, <br><br> Defendants. | CV F 09-0160 AWI DLB <br><br> MEMORANDUM OPINION AND ORDER ON DEFENDANTS' MOTION TO DISMISS <br><br> Doc. # 7 |

This is an action for damages by plaintiff Tarlochan Sohal ("Plaintiff") against Defendants City of Merced Police Department and individual defendant Merced City Police Sergeant Rod Dash ("Dash") (collectively, "Defendants"). In the complaint, Plaintiff alleges that he suffered violation of his rights under the First and Fourteenth Amendments when he was arrested and items belonging to him were seized as a result of unlawful discrimination. In the instant motion, Defendants seek dismissal of all claims for relief asserted in the complaint. Federal subject matter jurisdiction exists pursuant to 28 U.S.C. § 1331. Venue is proper in this court.

**FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

The complaint in this action was filed on January 26, 2009. The complaint alleges that on May 5, 2008, Plaintiff and Ruth Alejo, a person with whom Plaintiff shares office

space, became involved in a dispute. The dispute alarmed a third person, Sonia Alshami, who was also present in the office. Alshami placed a 911 call to the Merced Police Department. The complaint alleges that Merced City Police Officers responded and took Plaintiff into custody. The officers also seized a .40 caliber pistol, holster and ammunition from Plaintiff's desk. The complaint alleges the seized items have not been returned.

The police officers interviewed Alejo and Alshami. The complaint alleges that, while the interviews were going on, Officer Dash came on the scene and "called [Plaintiff] a 'raghead' in the context of telling the other officers to arrest [Plaintiff]; saying words to the effect that the other officers should 'before you cut that raghead loose, let me call his supervisor.'" Doc. # 1 at ¶ 10. The complaint alleges that the "Merced police officers placed [Plaintiff] under arrest for domestic violence and transported and booked him at the Merced County Sheriff's Office main jail . . . ." Doc. #1 at ¶ 11.

The complaint alleges that Officer Sannadan, one of the responding officers, made a tape recording of the interviews with Alshami, Alejo and Plaintiff at the scene. Plaintiff requested and received a copy of the tape recording made by Sannadan. Plaintiff alleges that the portion of the tape recording that should have contained the voice of Dash referring to Plaintiff as a "raghead" is missing or was not recorded on the copy made available to Plaintiff.

The complaint alleges five claims for relief. The first and second claims for relief are alleged against Officer Dash. The first claim alleges violation of California's Bane Act, Cal. Civ. Code § 52.1. The first claim for relief alleges Plaintiff was subjected to unreasonable seizure of his person based on his religion and ethnicity in violation of his Fourth and Fourteenth Amendment rights. The second claim alleges discrimination in violation of the Equal Protection clause of the Fourteenth Amendment in violation of 28 U.S.C. § 1983.

Plaintiff's third and fourth claims for relief both allege violations of 28 U.S.C. § 1983 based on Police Department's seizure of Plaintiff's pistol, ammunition and holster and refusal

to return these items to Plaintiff. The third claim for relief alleges unreasonable seizure under the Fourth Amendment based on Police Department's failure to provide "adequate notice or an opportunity to retrieve his personal property and retaining and refusing to return [P]laintiff's personal property without a legitimate government interest . . . ." Doc. # 1 at ¶ 24. Plaintiff's fourth claim for relief alleges violation of Plaintiff's procedural due process rights under the Fourteenth Amendment.

Plaintiff's fifth and final claim is apparently alleged against Merced City Police Department for "intention alteration of legal record intended to be evidence" in violation of California Penal Code § 470.

Defendants filed the instant motion to dismiss on February 23, 2009. Plaintiff filed his opposition on March 19, 2008 and Defendants filed their reply on March 23, 2009. The matter was take under submission without oral argument as of March 30, 2009.

## LEGAL STANDARD

A complaint may be dismissed under Rule 12(b)(6) of the Federal Rules of Civil Procedure if it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim that would entitle him to relief. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Balistreri v. Pacifica Police Department, 901 F.2d 696, 699 (9th Cir. 1990). A Rule 12(b)(6) dismissal can be based on the failure to allege a cognizable legal theory or the failure to allege sufficient facts under a cognizable legal theory. Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530, 533-34 (9th Cir.1984). In considering a motion to dismiss, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the party opposing the motion, and resolve all doubts in the pleader's favor. Jenkins v. McKeithen, 395 U.S. 411, 421, reh'g denied, 396 U.S. 869 (1969). In deciding a Rule 12(b)(6) motion, courts do not "assume the truth of legal conclusions merely because they are cast in the form of factual allegations."

Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir.1981).

## DISCUSSION

**I. Claims Against Individual Defendant Dash**

Plaintiff's first and second claims for relief allege that Plaintiff was unlawfully arrested as a result of invidious discrimination by defendant Dash as evidenced by defendant Dash's "raghead" comment. With regard to Plaintiff's first claim for relief, Defendants contend that Plaintiff has failed to state a claim under California's Bane act because "[s]peech alone is not sufficient to support an action brought pursuant to Section 52.1 except upon a showing that speech itself threatens violence against a specific person or group of persons . . . ." Doc. # 7 at 8:7-9 (citing Mendez v. City of Alameda, 2005 U.S.Dist. LEXIS 32921, 28 (N.D. Cal. 2005)). With regard to Plaintiff's second claim for relief, Defendants contend there was no constitutional violation because probable cause existed for Plaintiff's arrest or, in the alternative, Defendants contend the mere allegation that Officer Dash used the word "raghead" is insufficient to state a claim under the Fourteenth Amendment.

The court has reviewed Plaintiff's complaint and finds a more fundamental problem. Upon careful reading, the court finds the complaint fails to adequately allege that Officer Dash had anything to do with Plaintiff's arrest. At paragraph 8 of the complaint, Plaintiff alleges that unspecified Merced police officers arrived at the scene and "took [Plaintiff] into custody." An arrest for Fourth Amendment purposes is the seizure of a person. Robbins v. California, 453 U.S. 420, 451 (1981) (*rev'd* on other grounds in United States v. Ross, 456 U.S. 798 (1982)). An arrest is evinced by *either* the application of physical force, however slight, *or*, absent the application of force, where the person detained has submitted to the assertion of authority. California v. Hodari, 499 U.S. 621, 626 (1991). A person who is "in custody" is seized for Fourth Amendment purposes, although the term "seized" may apply more broadly to persons who are not formally in custody. See Fisher v. City of San Jose, — F.3d. — 2009 WL 606132 at *5th (9 Cir. 2009) (suspect was seized in his home when

4

officers surrounded his home but was technically placed in custody outside the home when he exited the home to surrender to police). Thus, "custody" as Plaintiff uses that term in paragraph 8 of the complaint is taken to mean that Plaintiff was formally under the control of the police and therefore seized – and therefore under arrest – for Fourth Amendment purposes as of the occurrence of the events related in paragraph 8.

Officer Sannadan is the only person who is identified as unequivocally present at the time Plaintiff was "taken into custody" as alleged in Paragraph 8. Plaintiff describes the events in paragraph 8 as "going on" when Officer Dash arrived, but does not give any information as to when Officer Dash arrived relative to the time Plaintiff was "taken into custody" as alleged in Paragraph 8. In Paragraph 10, Plaintiff alleges Dash told the other officers to arrest Plaintiff, but the words quoted in paragraph 10 tend to indicate Dash's words were, if anything, intended to prevent the other officers from "cutting Plaintiff loose" rather than effectuating his arrest.

In paragraph 11, Plaintiff alleges he was placed under arrest for domestic violence. Is this after he was taken into custody as alleged in paragraph 8? The court cannot tell from the complaint. As best, Plaintiff's allegations set forth in the complaint give rise to the ambiguous suggestion that Officer Dash *might* have been present at the time Plaintiff was seized (or arrested) for purposes of Fourth Amendment analysis. But taken as a whole, the order in which the events are alleged and the sense of the descriptions set forth in paragraphs 8 and 10 strongly suggest that Plaintiff was taken into custody – and therefore arrested – before Officer Dash arrived.

Rule 8(a) of the Federal Rules of Civil Procedure requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). The purpose of the complaint is to provide the opposing party with fair notice of the claim against it. Lynn v. Sheet Metal Workers' Intern. Ass'n, 804 F.2d 1472, 1482 (9th Cir. 1986). The Federal Rules have rejected the approach that pleading is a game in which one misstep

5

by a party may be decisive to the outcome, and the Federal Rules require the court to construe pleadings liberally. Id. Although the Federal Rules have adopted this flexible pleading policy, a complaint must still give fair notice and state the elements of the claim plainly and succinctly. Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984) (quoting 2A James W. Moore et al., Moore's Federal Practice ¶ 8.13 at 8-111 (2d ed. 1983)). The plaintiff must allege, with at least some degree of particularity, overt acts which the defendants engaged in that support the plaintiff's claim. Id.

Here, Plaintiff's first and second claims for relief fall short of the Rule 8(a)'s requirement by failing to allege facts that tie defendant Dash's actions to Plaintiff's harms. The ambiguous implication that Dash *may* have been on the scene prior to the time Plaintiff was taken into custody and therefore *may* have had a causal role in Plaintiff's arrest is simply insufficient to provide the minimal degree of factual particularity regarding the overt acts Dash undertook that caused Plaintiff's harm. Because Plaintiff's first and second claims for relief fail to provide the minimum notice required by Rule 8, those claims will be dismissed with leave to amend.

Because the court will dismiss Plaintiff's first and second claims for relief for failure to comply with Rule 8, the court need not rule on the other bases for dismissal asserted by Defendants. The court does find, however, that the interests of efficient administration of the court's limited resources may be served if the court makes an observation regarding Defendants contention that Plaintiff's first and second claims should be dismissed because the facts set forth in Plaintiff's complaint are sufficient to show that probable cause for the arrests was present. Plaintiff contends that the "issue of whether the officers had independent probable cause to arrest [Plaintiff] is [an] issue of fact that will be part of the trial . . . ." Doc. # 11 at 1: 28- 2:1, and 2:10-11. Plaintiff is incorrect.

In general, a claim of violation of the Fourth Amendment based on an unlawful arrest arises where there is an arrest without probable cause. Lee v. City of Los Angeles, 250 F.3d

668, 685 (9th Cir. 2001). Although the court has not exhaustively researched the elements of a claim of unlawful arrest in the context of Fourteenth Amendment Equal Protection claims, it is well settled that where there is a claim arising from an allegation of unlawful arrest in the context of a claim of retaliatory prosecution, the absence of probable cause is an element of the claim that must be pled and eventually proven. See Hartman v. Moore, 547 U.S. 250, 265-266 (2006). Like a claim for unlawful arrest in a retaliatory prosecution case, the plaintiff prosecuting a claim under Fourteenth Amendment Equal Protection has the burden to "prove a chain of causation from animus to injury." Id. at 259. Thus, while the court is not presently making a determination on the issue, it appears likely that Plaintiff in this case will be burdened to plead and prove the absence of probable cause in order to maintain any claim arising out of a Fourth or Fourteenth Amendment violation.

Given that Plaintiff will be burdened to plead and prove the lack of probable cause, it is clear that Plaintiff will not be able to avoid dismissal in the absence of allegation of facts supporting the claim of lack of probable cause by simply claiming that probable cause is a matter to be tried and determined by the jury. The question of whether probable cause is found upon a given set of facts is a legal question and therefore one to be resolved by the court, not a jury. Act Up!/Portland v. Bagley, 988 F.2d 868, 873 (9th Cir. 1993). An adequately pled claim that probable cause is lacking is subject to challenge by way of a motion for summary judgment. Id. It is only if the court determines that a "genuine issue of material fact" exists preventing the court's determination that probable cause existed at the time of the arrest that the matter must be submitted to a jury. Id.

Again, it is the court's opinion that Plaintiff's complaint is factually ambiguous to the extent that Rule 8's requirement for a plain statement of entitlement to relief is not satisfied. The court declines to rule on Defendants' contention that Plaintiff has admitted probable cause was present at the time of the arrest for the same reason. The foregoing discussion is intended to prevent unnecessary consumption of judicial resources by providing notice that

Plaintiff may not get his case before a jury by merely asserting that probable cause was lacking. Rather, Plaintiff must plead facts that are sufficient for the court to find that probable cause was absent in order to avoid dismissal or summary judgment on any future amended complaint.

**II. Claims Three and Four – Failure to Return Seized Property**

Plaintiff's third claim for relief purports to be a claim pursuant to 28 U.S.C. § 1983 for unreasonable seizure in violation of the Fourth Amendment. As Defendants point out, the pleading itself appears to describe a claim for due process violation:

> Defendants taking [P]laintiff's personal property without providing either adequate notice or an opportunity to retrieve his personal property and retaining and refusing to return [P]laintiff's personal property without a legitimate government interest violated [P]laintiff's United States and California constitutional right to be free of unreasonable seizure of his personal property.

Doc. # 1 at ¶ 24. Plaintiff's third claim for relief is couched in language that leaves the court guessing whether Plaintiff intended to state a Fourteenth Amendment Due Process claim or a Fourth Amendment claim. The court will analyze third claim for relief as though it alleged a Fourth Amendment claim so that Plaintiff has the benefit of the court's analysis of his claims under both the Fourth and Fourteenth Amendments.

The lawfulness of a seizure under the Fourth Amendment is determined by whether there were reasonable grounds for suspicion at the time of the seizure. United States v. Mendenhall, 446 U.S. 544, 571 (1980). Thus, what the Fourth Amendment protects is the privacy of an individual against invasions of that privacy in the first instance. See Veronia School Dist. 47J v. Acton, 515 U.S. 646, 671 (1995) (the touchstone of the Fourth Amendment is protection of privacy, not evenhandedness). The harm alleged in Plaintiff's third claim for relief is not the invasion of his privacy, it is the lack of opportunity to retrieve his possessions. Plaintiff's third claim for relief does not allege the seizure of his pistol, ammunition and holster was unreasonable in the first instance; only that police retained those items and refused to return them.

Plaintiff has failed to show that the Fourth Amendment protects the right Plaintiff alleges was violated. Further, Plaintiff's third claim for relief fails to allege that the seizure of the pistol, ammunition and holster was unreasonable under the circumstances at the time the seizure was undertaken. Plaintiff's third claim for relief therefore fails to set forth a claim upon which relief can be granted. The claim will therefore be dismissed.

Plaintiff's fourth claim for relief alleges the refusal of Merced Police Department to return the seized items to Plaintiff constitutes a violation of Plaintiff's Fourteenth Amendment Due Process rights pursuant to 28 U.S.C. § 1983. Plaintiff 's fourth claim for relief alleges, in pertinent part:

> [Plaintiff] was erroneously deprived of his interest in his personal property through the procedures used by the Merced Police Department in depriving him of his personal property. [¶] Merced Police Department's procedural safeguards were, and are, inadequate to protect [Plaintiff] from the risk of erroneous deprivation of his personal property. Additional or substitute procedural safeguards to protect Sohal from the risk of erroneous deprivation of his personal property would not impose no [sic] fiscal, procedural, administrative or other burden on the Merced Police Department.

Doc. # 1 at ¶¶ 27-28.

The factual basis for Plaintiff's Fourteenth Amendment Due Process claim consists solely of the allegation that, after the arresting officers seized Plaintiffs pistol, holster, ammunition and Merced County Sheriff's Office badge and identification card, the pistol, holster and ammunition were not and have never been returned "[d]espite repeated requests and applications." Doc. # 1 at ¶ 8.

Plaintiff's fourth claim for relief suffers from the same lack of specificity as the first and second claims for relief. A fair reading of the allegations set forth in the eighth paragraph of the complaint indicates that Merced City Police Department had a process or procedure to request return of seized articles, Plaintiff made one or more applications through that process for the return of his property, and was denied. If Plaintiff intended to allege that Merced City Police Department has or had *no* procedure or process for requesting the return of unlawfully seized items, that allegation is not adequately set forth in the complaint.

9

As Defendants point out, there is no Due Process violation where is an adequate state process to address the harm the plaintiff alleges. Paratt v. Taylor, 451 U.S. 527, 542 (1981). As the court understands Plaintiff's insufficiently alleged complaint, Plaintiff contends there is a process but the process is not sufficient to protect Plaintiff's Fourteenth Amendment rights. Plaintiff's allegation of insufficient process is an example of a legal conclusion masquerading as a fact. If Plaintiff is, in fact, claiming a due process violation on the basis of insufficient process, then notice pleading under Rule 8 requires that Plaintiff provide some description of the process he used and the specific way in which the process was insufficient. It is not enough to imply, as Plaintiff has, that there is an undisclosed process and that the process is constitutionally flawed in an undisclosed way. Plaintiff's pleading lacks sufficient particularity to put Defendants on notice of the alleged constitutional defect in the process.

The court should point out that, while Defendants move to dismiss Plaintiff's Fourteenth Amendment Due Process claim on the ground that an adequate process exists to address Plaintiff's claim of denial of personal property rights, the court is dismissing Plaintiff's claim for failure to plead with sufficient particularity to permit an adequate evaluation of the legal basis for the claim. See Simmons v. Abruzzo, 49 F.3d 83, 86 (2 Cir. 1995) (a district court has the power, on motion or *sua sponte*, to dismiss the complaint for failure to meet Rule 8 standards). It is not clear from the pleading whether Plaintiff is alleging that the process available to him was somehow impeded by Defendants, whether the process is constitutionally flawed in some particular, or whether Plaintiff is merely contending that Merced County Police Department is misapplying the process to deny Plaintiff the return of his property. Because the court will dismiss Plaintiff's fourth claim for relief on the ground it violates the pleading standard required by Rule 8, the court makes no determination of the adequacy of the state process suggested in Defendant's motion to dismiss.

**III.  Evidence Alteration**

Plaintiff's fifth and final claim for relief alleges the copy of the tape recording made during the time of the arrest that was provided by Merced Police Department to Plaintiff did not contain a recording of Dash's reference to Plaintiff as a "raghead." Plaintiff's fifth claim for relief alleges that Merced Police Department "intentionally altered the tape recording to deprive [Plaintiff] of the evidence that Dash discriminated against [Plaintiff] due to his race and ethnicity" in violation of California Penal Code section 470.

California Penal Code section 470 generally describes the crimes of forgery and counterfeiting. In particular, subsection 470(c), the subsection upon which Plaintiff relies, defines as forgery any act to alter, corrupt or falsify "any record of any will, codicil, conveyance, or other instrument, the record of which is by law evidence" with the intent to defraud. Plaintiff contends subsection 470(c) applies because the tape recording of Dash's reference to Plaintiff as a "raghead" would have been by law evidence to show Dash's discriminatory intent.

Federal courts are very "reluctant to infer a private right of action from a criminal prohibition alone. Central Bank of Denver v. First Interstate Bank of Denver, 511 U.S. 164, 190 (1994). Generally, where a court implies a private right of action under a criminal statute, there is "' at least a statutory basis for inferring that a civil cause of action of some sort lay in favor of someone.' [Citation.]" Chrysler Corp. V. Brown, 441 U.S. 281, 284 (1979). This court and courts of this circuit routinely dismiss claims based on violation of state criminal statutes where the language of the statute does not confer a private right of action. See Ellis v. City of San Diego, 176 F.3d 1183, 1189 (9 Cir. 1999); Archambualt v. ADESA Golden Gate, 2008 WL 5099648 (E.D. Cal. 2008) at *3 (dismissing multiple claims based on state criminal statutes where no private right of action conferred by statute).

The court has examined California Penal Code section 470 in its entirety and can find no indication of a private right of action. Further, Plaintiff's opposition to Defendants' motion to dismiss fails to argue that a private rights of action is to be found anywhere in

section 470. The court will therefore dismiss Plaintiff's fifth claim for relief.

**IV. Leave to Amend**

"If a complaint is dismissed for failure to state a claim, leave to amend should be granted unless the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." <u>Schreiber Distributing Co. v. Serv-Well Furniture Co., Inc.</u>, 806 F.2d 1393, 1401 (9th Cir. 1986). Here, the court cannot determine that further amendment of the complaint would be futile. Leave to amend will therefore be granted.

THEREFORE, for the reasons discussed above, it is hereby ORDERED that Plaintiff's complaint is DISMISSED with respect to each of the claims alleged therein. Claims one, two and four are dismissed for violation of Rule 8 of the Federal Rules of Civil Procedure. Claims three and five are dismissed for failure to state a claim upon which relief can be granted. Leave to amend is hereby GRANTED. Any amended complaint shall be filed no later than twenty-one (21) days from the date of service of this order.

IT IS SO ORDERED.

**Dated: April 8, 2009**           **/s/ Anthony W. Ishii**
                                    CHIEF UNITED STATES DISTRICT JUDGE