IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TARLOCHAN SOHAL,<br><br>         Plaintiff,<br><br>    v.<br><br>CITY OF MERCED POLICE<br>DEPARTMENT, CITY OF MERCED<br>POLICE SERGEANT ROD DASH, and<br>DOES 1 through 50,<br><br>         Defendants. | CV F 09-0160  AWI DLB<br><br>MEMORANDUM OPINION<br>AND ORDER ON<br>DEFENDANTS' MOTION TO<br>DISMISS PLAINTIFF'S FIRST<br>AMENDED COMPLAINT<br><br>Doc. # 18 |

This is an action for damages by plaintiff Tarlochan Sohal ("Plaintiff") against defendants City of Merced Police Department and individual defendant Merced City Police Sergeant Rod Dash ("Dash") (collectively, "Defendants"). On April 8, 2009, the court issued a memorandum opinion and order dismissing Plaintiff's complaint in its entirety. On April 29, 2009, Plaintiff filed a First Amended Complaint ("FAC") alleging civil rights claims for relief under the Fourth and Fourteenth Amendments and under California law. In the instant motion, Defendants seek to dismiss the FAC in its entirety as to all Defendants. Federal subject matter jurisdiction exists pursuant to 28 U.S.C. § 1331.  Venue is proper in this court.

**FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

The original complaint in this action was filed on January 26, 2009.  The court granted Defendants' motion to dismiss the original complaint by its order of April 8, 2009

(the "April 8 Order"). The FAC, which was filed on April 29, 2009, alleges facts not inconsistent with the factual background set forth in the Court's April 8 Order. The court will not reiterate the general background facts set forth in the April 8 Order but will focus on the factual allegations set forth in the FAC that provide some additional detail regarding Plaintiff's claims relating to the seizure of his handgun and ammunition and relating to defendant Dash's role in the events.

With regard to the handgun and ammunition, Plaintiff alleges in the FAC that he first requested the return of the items on or about May 6, 2008, by filling out the required forms and filing all required information. Plaintiff alleges that since filling out the request forms he has called or gone in person to the police station "at least once every two weeks" to no avail. Plaintiff alleges Defendants have failed to return the articles and have offered instead a series of varying excuses for the failure to return. Plaintiff does not allege he has filed any other claims or instituted any formal administrative proceedings.

With regard to the actions of defendant Dash, Plaintiff alleges:

> After the commencement of, but during the time, the events described in paragraphs 6 through 9 [describing the calling of the police by Alshami, the arrival of the police and the taking of Plaintiff into custody] were going on, Dash came on the scene. After speaking with the officers on the scene Dash called [Plaintiff] a "raghead" in the context of telling the other officers to arrest [Plaintiff]; saying words to the effect that the other officers should "before you cut that raghead loose, let me call his supervisor" thereby delaying [Plaintiff's] release in prolonging his time spent in custody based solely on his ethnicity and/or religion.
>
> Merced police officers, based on Dash's order, transported [Plaintiff] to the Merced County Sheriff's office Main jail in the city of Merced and booked [Plaintiff] at the Merced County Sheriff's Office Main jail in the city of Merced.

Doc. # 16 at ¶¶ 14-15.

With regard to his claim for relief based on the alleged deletion of the "raghead" comment in the recording of the questioning that was provided, Plaintiff alleges:

> [Plaintiff] obtained a copy of the recording of the incident that was made by Officer Samuel Sannadan and discovered that the portion of the tape wherein Dash called [Plaintiff] a raghead had not been provided. The words spoken by

2

>Dash had either been erased or the portion of the tape containing those words was not duplicated and given to [Plaintiff.]

Doc. # 16 at ¶ 16.

The instant motion to dismiss the FAC was filed on May 18, 2009. Plaintiff's opposition was filed on June 3, 2009, and Defendants' reply was filed on June 15, 2009. The scheduled hearing date of June 22, 2009, was vacated and the court took the matter under submission as of that date.

## LEGAL STANDARD

A complaint may be dismissed under Rule 12(b)(6) of the Federal Rules of Civil Procedure if it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim that would entitle him to relief. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Balistreri v. Pacifica Police Department, 901 F.2d 696, 699 (9th Cir. 1990). A Rule 12(b)(6) dismissal can be based on the failure to allege a cognizable legal theory or the failure to allege sufficient facts under a cognizable legal theory. Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530, 533-34 (9th Cir.1984). In considering a motion to dismiss, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the party opposing the motion, and resolve all doubts in the pleader's favor. Jenkins v. McKeithen, 395 U.S. 411, 421, reh'g denied, 396 U.S. 869 (1969). In deciding a Rule 12(b)(6) motion, courts do not "assume the truth of legal conclusions merely because they are cast in the form of factual allegations." Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir.1981).

## DISCUSSION

**I. Plaintiff's Fourth Claim for Relief – Fourteenth Amendment Due Process**

Plaintiff's original complaint alleged two claims arising out of the Police Department's failure to return Plaintiff's handgun and ammunition in spite of repeated requests; a Fourth Amendment unlawful seizure claim and a Fourteenth Amendment Due

3

Process claim. The court's April 8 Order dismissed Plaintiff's Fourth Amendment claim on the ground the Fourth Amendment only protects against unreasonable searches and seizures in the first instance and does not protect against the harm Plaintiff alleges, which is the failure to return items that were lawfully seized in the first instance. Plaintiff's fourth claim for relief alleging Fourteenth Amendment Due Process violation was dismissed as alleged in the original complaint because Plaintiff's pleading failed to allege any description of the process provided by Defendants and how the process is constitutionally deficient.

Where the original complaint alleged two claims relating to the failure to return the handgun, holster and ammunition, the FAC alleges a single Fourteenth Amendment Due Process claim. Defendants' motion to dismiss Plaintiff's fourth claim for relief asserts three grounds. First, Defendants contend the claim should be dismissed for failure to plead facts with sufficient clarity in violation of Rule 8 of the Federal Rules of Civil Procedure. Second, Defendants contend Plaintiff's Due Process claim is defeated by the existence of an adequate state remedy to address his claimed losses. Third, Defendants contend Plaintiff's claim fails because he has failed to allege the elements of liability under Monell v. Dep't of Social Servs., 436 U.S. 658, 695 (1978). The court will discuss each in turn.

### A. Plaintiff's Claim Meets Rule 8 Requirements

The court's April 8 Order dismissed Plaintiff's Fourteenth Amendment Claim because the claim failed to specify whether "the process available to [Plaintiff for return of his handgun, holster and ammunition] was somehow impeded by Defendant, whether the process is constitutionally flawed in some particular, or whether Plaintiff is merely contending that Merced County Police Department is misapplying the process [so as] to deny Plaintiff the return of his property." Doc. # 15 at 10:18-22. Plaintiff's FAC avoids some of the problems of the original complaint by alleging a single claim of Due Process violation instead of asserting two claims that ambiguously assert both Fourth and Fourteenth Amendment claims. Also, Plaintiff's fourth claim for relief is sufficiently pled, between

what is alleged and what is not alleged, to determine the basic outline of the claimed Due Process depravation.  Basically, Plaintiff alleges that his handgun, holster and ammunition were seized and held, that there is/was a procedure for claiming the seized items, that Plaintiff completed the requirements of the procedure, and that the items were not returned because of what is essentially garden-variety negligence and/or bureaucratic incompetence. See FAC, Doc. # 16 at ¶¶ 10 – 12 (describing the process of filling out the property and gun release forms, returning the forms to the police, and the various reasons given why the property was not returned).

The court finds that Plaintiff has set forth his Fourteenth Amendment Due Process claim with sufficient facts and particularity to allow the court to address the merits of the claim.  See Brewster v. Bd. of Educ., 149 F.3d 971, 983 ("'In order to state a claim under the fourteenth amendment, the complainant must allege facts showing not only that the State has deprived him of a . . . property interest but also that the state has done so without due process of the law'").  The court therefore declines Defendants' invitation to deny the claim on the grounds it fails to plead with sufficient particularity in violation of Rule 8 of the Federal Rules of Civil Procedure.

### B. Plaintiff's Claim is Defeated by Existence of Adequate State Remedy

The Ninth Circuit has recognized two broad categories of due process depravation.  In Haygood v. Younger, 769 F.2d 1350 (9th Cir 1985), the court held that where depravation arises in the context of "random, unauthorized constitutional torts," the Supreme Court's decision in Parratt v. Taylor, 451 U.S. 527 (1981), applies so that constitutional Due Process requirements may be met through state processes that provide a hearing *after* the depravation where it is either impracticable or impossible for the state to have foreseen and prevented the depravation.  Id. at 543, overruled on other grounds in Daniels v. Williams, 474 U.S. 327 (1986); Haygood, 769 F.2d. at 1356-1357; Piatt v. MacDougall, 773 F.2d 1032, 1036 (9th Cir. 1985).  On the other hand where the depravation "is the product of the operation of state

5

law, regulation, or institutionalized practice, it is neither random or unauthorized, but wholly predictable, authorized, and within the power of the state to control.  In such cases, the state may not take away the protected interest without a hearing *in advance* of the injury." Haygood, 769 F.2d at 1357 (citing Logan v. Zimmerman Brush Co., 455 U.S. 422, 436 (1982)).

        The allegations set forth in the FAC clearly place Plaintiff's fourth claim for relief in the category of claims of Due Process depravation arising from random unauthorized police conduct that fall within the scope of Parratt.  What Plaintiff alleges is that Defendants has or had a process by which Petitioner could retrieve his seized property but that the process was defective because it produced a year of lame excuses instead of producing the return of his property.  Petitioner does not allege that the police kept his gun and ammunition because it is law, policy or practice to not return seized firearms or ammunition; he alleges the police kept his handgun, holster and ammunition because they are incompetent.  Within the framework set up by Haygood, the court finds the conduct alleged by Plaintiff in his fourth claim for relief is both random and unauthorized and that it is conduct that could not be reasonably foreseen and prevented by a pre-deprivation hearing.

        Pursuant to Parratt, there is no constitutional Due Process violation in a situation such as the one alleged by Plaintiff so long as the state provides an adequate remedial post-deprivation process.  Parratt, 451 U.S. at 543.  The Ninth Circuit has held that California's Tort Claims Act, Cal. Gov't Code §§ 900-985, provides such a constitutionally adequate remedial post-deprivation process.  Barnett v. Centoni, 31 F.3d 813, 816-817 (9th Cir. 1994).  Thus where, as here, a plaintiff's alleges loss or depravation of property resulting from the negligence or incompetence of government officials, a claim based on the allegation of violation of Due Process rights under the Fourteenth Amendment must fail unless the plaintiff can allege he or she was somehow prevented from access to the state process.  The court agrees that Plaintiff has failed to allege facts that, if proven, would entitle him to relief

as to his fourth claim for relief. Plaintiff's fourth claim for relief will therefore be dismissed with prejudice.

### C. *Monell* Does Not Apply

Monell v. Dep't of Social Servs., 436 U.S. 658, 695 (1978), provides a limited exception to the general doctrine that 42 U.S.C. § 1983 does not provide for claims of liability based on a theory of respondeat superior. While the issue is mooted for the most part because the court has found that Plaintiff cannot allege a Due Process violation because recourse is provided by California's Tort Claims Act, the court notes in passing that it does not appear that Monell would apply anyway because Plaintiff does not appear to seek recovery based on a theory of respondeat superior. So far as the court can tell, the City of Merced Police Department is named as a defendant, at least with respect to Plaintiff's fourth claim for relief, not because of any supervisory role but because it is the entity that is the bailor or custodian of Plaintiff's property. Should later events warrant, the court will revisit this issue. For the present, the court finds no merit in Defendants' contention that Plaintiff's fourth claim for relief fails because it fails to state a claim under Monell.

In his opposition to Defendants' motion to dismiss, Plaintiff contends the court has supplemental jurisdiction pursuant to 28 U.S.C. § 1376 over Plaintiff's fourth claim for relief. Plaintiff's contention misses the point. The court is not dismissing Plaintiff's due process claim for lack of jurisdiction, it is dismissing the claim because it does not allege the violation of any Due Process right. It is important to understand that the allegation that Merced City Police seized Plaintiff's handgun, holster and ammunition and did not return same does not allege a constitutional injury so long as Plaintiff has the right to a post-depravation hearing on the issue. That hearing is provided by the State of California through its Tort Claims Act, not through Merced Police Department's procedures and not by this court. This court may not give consideration to Plaintiff's claim of due process violation because there can be no depravation so long as the state process remains unexhausted.

**II. Plaintiff's First and Third Claims – Unreasonable Delay in Release**

Plaintiff's first and third claims for relief as set forth in the FAC are each based on an allegation that defendant Dash's actions resulted in an "unnecessary delay in releasing Plaintiff from custody." Plaintiff's first claim for relief alleges defendant Dash caused an unnecessary delay in Plaintiff's release, but does not specify any legal basis for relief other than to allege the detention was in violation of "California law and its Constitution and the fourteenth [sic] of the United States Constitution." Plaintiff's third claim is alleged against defendant Dash pursuant to 28 U.S.C. § 1983 for infringement of Plaintiff right to equal protection under the Fourteenth Amendment.

The factual allegation that underpins both of these claims is the allegation that defendant Dash's actions caused the delay of Plaintiff's release from custody. Each of these claims is inadequately pled for the same reason: the facts alleged by Plaintiff do not, if proven, establish either the fact or the reasonable inference that Plaintiff actually suffered an unreasonable delay in his release (assuming such a delay gives rise to a claim for relief) or that defendant Dash's actions were the cause of the delay.

Based on what Plaintiff has alleged and what Plaintiff has not alleged in light of the court's April 8 Order, the court finds that the FAC directly alleges or reasonably allows the inference of the following facts: (1) Merced City Police officers arrived on the scene and placed Plaintiff in custody before Dash arrived on the scene, (2) there is no allegation the arrest was without probable cause, (3) at some point after the arrest, Dash arrived and called Plaintiff a "raghead." (4) Dash asked police officers not to release Plaintiff until Dash called Plaintiff's supervisor, (5) Plaintiff was transported to the central police station and booked, and (6) sometime thereafter Plaintiff was released.

What the FAC does *not* allege or reasonably infer is (1) what the policy and practice of the Merced City Police Department is when a defendant has been arrested on domestic violence charges, (2) how the events complained of differ from that policy and practice, (3)

how the difference, if any, amounts to an unreasonable delay in Plaintiff's release, and (4) how Dash was directly responsible for the difference in treatment of Plaintiff that resulted in the delay, if any. The facts set forth in the FAC are also contradictory to Plaintiff's allegation that Dash ordered Plaintiff's arrest. Plaintiff has not contradicted the court's prior interpretation of the facts as indicating that Plaintiff was in custody as of the time Dash arrived on the scene. As discussed more thoroughly in the April 8 Order, if Plaintiff was in custody at the time Dash arrived, he had already been arrested and Dash could not have ordered his arrest. In addition, what the FAC alleges Dash actually said does not amount to an order to transport Plaintiff to the police station for booking. All Dash is alleged to have said is that [Plaintiff] should not be "cut loose" until Dash contacted Plaintiff's supervisor. The FAC does not allege how this comment caused Plaintiff to be transported.

Even if the court accepts that Dash's "order," caused Plaintiff to be transported to the main station and booked, there is no factual allegation that any non-Indian or non-Sikh arrestee would not have been similarly transported and booked after having been lawfully arrested for domestic violence. It is important to understand that what the court finds missing is not just the causal connection between Dash's expression of culture-based animus and Plaintiff's harm; it is the existence of the harm itself. Plaintiff's bare assertion that Dash treated Plaintiff differently than he would have treated a non-Indian or a non-Sikh fails to allege facts that would show that Plaintiff was subjected to a duration of custody that was unreasonably longer than would be the case for other persons who are lawfully placed under arrest for violation of domestic violence statutes.

Plaintiff's first and third claims for relief alleged that Plaintiff's time in custody was unreasonably prolonged because of Dash's actions. Beyond failing to show how there is any connection between Dash's "raghead" comment and the amount of time Plaintiff was in custody, Plaintiff has alleged no facts to show that Plaintiff was in custody any longer than would have been the case for any other person lawfully arrested for the same reason.

Because there is no allegation of either harm or causation, Plaintiff's first and third claims for relief must be dismissed for failure to state claims upon which relief can be granted.

Because the court will dismiss Plaintiff's first and third claims for relief for failure to allege harm or causation, the court will not delve into the question of whether the claims meet other pleading requirements. The court notes in passing, however, that Plaintiff's first claim for relief is, at best, ambiguous. Plaintiff's first claim for relief alleges violation of California law and its Constitution and the Fourteenth Amendment, but the second and third claims for relief allege violation of California law and the Fourteenth Amendment, respectively. Is Plaintiff's first claim for relief redundant? Plaintiff is cautioned that, while modern notice pleading under Rule 8 does not require a precise statement of Plaintiff's legal theory of recovery, the court will find that reference to the entire body of California law in a future pleading will likely be held insufficient to provide the required notice to Defendants of Plaintiff's entitlement to relief.

### III. Plaintiff's Second Claim for Relief – Bane Act

California's Bane Act, Cal. Civ. Code § 52.1 broadly provides a cause of action against any person, acting under color of law or not, who "interferes by threats, intimidation, or coercion, or attempts to interfere by threats, intimidation, or coercion, with the exercise or enjoyment by any individual or individuals of rights secured by the Constitution or laws of the United States, or of the rights secured by the Constitution or laws of this state . . . ." Plaintiff's original complaint contained typographical errors with regard to the legal basis for Plaintiff's second claim for relief and his opposition to Defendants' motion to dismiss requests leave to amend the FAC to correct the errors and clarify the claim for relief. The court grants Plaintiff's request to modify and incorporates the proposed modifications into this discussion.

As amended, Plaintiff's claim under California's Bane Act alleges:

> By ordering [Plaintiff] transported to the Main jail based on his ethnicity and religion, Dash intentionally and maliciously prolonged the period of time

10

> [Plaintiff] spent in custody, thereby depriving him rights secured by the United States and California Constitutions and California Civil Code section 52.1 (the Bane Act) Dash used intimidation and coercion to interfere with [Plaintiff's] right to be free from unreasonable seizure of his person and personal property without due process, rights secured by the United States and California Constitutions and laws of the Sate of California.

Doc. # 20 at 3:22-28.

Plaintiff's second claim for relief, as amended, fails for the same reason the first and third claims for relief fail; Plaintiff has failed to allege facts that, if proven, would be sufficient to show that Plaintiff suffered a prolonged period of time in custody or that whatever time he did spend in custody was prolonged by Dash's actions or comments.  As above, Plaintiff must allege, and has failed to allege, facts that, if proven, would be sufficient to show that Dash ordered or otherwise caused Plaintiff to be transported to the main jail and that his transportation to the main jail following a lawful arrest was malicious or unreasonable or different than any other person lawfully arrested for the same reason would experience.  As with Plaintiff's first and third claims for relief, the second claim must be dismiss for failure to adequately allege facts to show either harm or causation.

### III.  Evidence Alteration

Plaintiff's fifth claim for relief as set forth in the original complaint alleged spoilation of evidence in violation of California Penal Code section 470.  That claim was dismissed by the court because the criminal statute cited did not confer a private right of action. The FAC alleges a similar claim pursuant to California Government Code §§ 818.8 and 820.8.  Section 818.8 limits the liability of public entities for "injury caused by misrepresentation by an employee of the public entity, whether or not such misrepresentation be negligent or intentional."  Section 820.8 limits the liability of a public employee for the acts or omissions of others, but provides that public employees are not protected from liability arising from their own negligent or wrongful acts.

As Defendants observe, neither section 818.8 or 820.8 serves as a legal basis for liability, they simply limit liability where liability may otherwise exist based on the acts or

11

omissions of public employees. Plaintiff opposes Defendants' motion to dismiss by asserting that "tortious fraud is a wrongful act, whether by a public employee or any other individual. [Plaintiff] alleges that someone at the City corrupted the tape by intentionally altering it to delete Dash's "raghead," remarks, thereby injuring [Plaintiff] by depriving him of evidence." Doc. # 20 at 4:8-11.

Plaintiff's fourth claim for relief must fail for the obvious reason the claim does not allege the elements of fraud as required by Rule 9(b) of the Federal Rules of Civil Procedure. However, there is the more fundamental problem of the derivative nature of the claim. Plaintiff is attempting to build a free-standing claim for relief out of what is essentially a discovery issue within the main action. It is elementary that a procedural misdeed or fault cannot create a separate claim for relief in the action that is being litigated. If a party engages in unfair procedural gamesmanship, the offended party's remedy is not to add another claim for relief to the action, it is to move for appropriate sanctions. Thus, if it is Plaintiff's allegation that Defendants deliberately made evidence unavailable, their recourse is to move for appropriate sanctions, including possibly issue terminating sanctions, not to allege a separate claim for relief.

The current state of Plaintiff's complaint illustrates the point. The crux of Plaintiff's claim is that Plaintiff is prejudiced by the alteration, destruction or withholding of evidence. However, withholding or altering evidence can only be prejudicial if the evidence is relevant and otherwise admissible. As the court has pointed out with regard to Plaintiff's first four claims for relief, Plaintiff's problem, as matters stand, is that he has failed in two attempts to allege facts to show that he was treated in a way that was unlawful. For purposes of determining if Plaintiff has alleged facts upon which relief can be granted, the court has assumed that Dash did, in fact, refer to Plaintiff as a "raghead." As Defendants point out, a racial slur, however hurtful and disrespectful it may be, is not actionable in and of itself in an action pursuant to section 1983. Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir. 1987).

12

The fact that Dash called Plaintiff a "raghead" is relevant, if at all, only to show racial animus, and even then only if Plaintiff can first show that he was treated unlawfully or in a manner different than a person who is not of Plaintiff's religion or ethnicity would have been treated.

If Plaintiff can show the existence of facts that prove he was treated unlawfully or in a discriminatory manner, and he can show that Defendants deleted or otherwise altered the tape recorded evidence, Plaintiff may then move for sanctions, including issue terminating sanctions on the issue of racial animus. Plaintiff may not allege a separate claim for relief based on Defendants' failure to produce the requested discovery. Plaintiff's fifth claim for relief will be dismissed with prejudice.

**IV. Leave to Amend**

As previously noted by the court, leave to amend should be granted unless the court determines that the allegation of other facts consistent with the FAC cannot possibly cure the deficiency. Schreiber Distributing Co. v. Serv-Well Furniture Co., Inc., 806 F.2d 1393, 1401 (9th Cir. 1986). Here, the court has determined that with respect to Plaintiff's fifth claim for relief , further amendment of the complaint cannot cure the deficiency because the claim for relief is based not on conduct properly alleged in the complaint, it is based on alleged misconduct of Defendants during discovery. Plaintiff's fifth claim for relief will therefore be dismissed without leave to amend. The court has also concluded that Plaintiff's fourth claim fore Due Process violation also must fail because an adequate remedy is available through the California Tort Claims Act. As to Plaintiff's first through third claims for relief, the court cannot say at this point that further amendment would be futile. The court does caution Plaintiff, however, that the court expects that Plaintiff, having twice suffered dismissal of all his claims, is now fully aware of the minimum facts that must be alleged to withstand a motion to dismiss further amendment of the claims. The court will be disinclined to grant further leave to amend after a second amended complaint is filed.

THEREFORE, for the reasons discussed above, it is hereby ORDERED that claims one through three of Plaintiff's First Amended Complaint are hereby DISMISSED without prejudice.  Leave to amend claims one through three is hereby GRANTED.  Any amended complaint shall be filed no later than twenty-one (21) days from the date of service of this order.  Plaintiff's fourth and fifth claims for relief are hereby DISMISSED with prejudice.

IT IS SO ORDERED.

**Dated:   June 25, 2009**             /s/ **Anthony W. Ishii**
                                      CHIEF UNITED STATES DISTRICT JUDGE