IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TARLOCHAN SOHAL, an individual,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF MERCED POLICE DEPARTMENT, CITY OF MERCED DEPARTMENT SERGEANT ROD DASH, and DOES 1 THROUGH 50,<br><br>Defendants. | CIV F 09 – 0160 AWI DLB<br><br>ORDER ON MOTIONS TO PURSUANT TO F.R.C.P. 12(b)(6)<br><br>Doc. # 26 |

This is a civil rights action pursuant to 42 U.S.C. § 1983 by Plaintiff Tarlochan Sohal ("Plaintiff") against the City of Merced Police Department ("Department"), Merced City Police Sergeant Rod Dash ("Dash"), and Does 1 through 50 (collectively "Defendants"). In addition to seeking damages under federal civil rights law, Plaintiff's Second Amended Complaint ("SAC") seeks damages under state law and seeks declaratory judgment regarding certain items of personal property confiscated during Plaintiff's arrest and not returned. In the instant motion, Defendants seek dismissal of all claims alleged in the SAC and seek substitution of the City of Merced as proper party defendant in place of Department. Subject matter jurisdiction exists pursuant to 28 U.S.C. § 1331. Venue is proper in this court.

**FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

Plaintiff's original complaint was filed on January 26, 2009, and was dismissed by order of the court on April 8, 2008. Plaintiff's First Amended Complaint ("FAC") was filed on April

29, 2009. On June 26, 2009, the court issued a memorandum opinion and order (the "June 26 Order") dismissing Plaintiff's due process claim for depravation of personal property and his claim for spoilation of evidence without leave to amend. The court granted leave to amend the remaining three claims in the FAC. Plaintiff's SAC was filed on July 10, 2009. The instant motion to dismiss was filed on July 27, 2009, Plaintiff's opposition was filed on July 27, 2009, and Defendants' reply was filed on August 31, 2009. The hearing on Defendants' motion to dismiss was vacated by order of the court and the matter was taken under submission as of September 8, 2009.

The basic facts alleged in Plaintiff's complaints have remained more or less constant throughout the successive complaints. As the court previously summarized from Plaintiff's original complaint:

> [O]n May 5, 2008, Plaintiff and Ruth Alejo, a person with whom Plaintiff shares office space, became involved in a dispute. The dispute alarmed a third person, Sonia Alshami, who was also present in the office. Alshami placed a 911 call to the Merced Police Department. The complaint alleges that Merced City Police Officers responded and took Plaintiff into custody. The officers also seized a .40 caliber pistol, holster and ammunition from Plaintiff's desk. The complaint alleges the seized items have not been returned.
>
> The police officers interviewed Alejo and Alshami. The complaint alleges that, while the interviews were going on, Officer Dash came on the scene and "called [Plaintiff] a 'raghead' in the context of telling the other officers to arrest [Plaintiff]; saying words to the effect that the other officers should 'before you cut that raghead loose, let me call his supervisor.'" Doc. # 1 at ¶ 10. The complaint alleges that the "Merced police officers placed [Plaintiff] under arrest for domestic violence and transported and booked him at the Merced County Sheriff's Office main jail . . . ." Doc. #1 at ¶ 11.

Doc. # 15 at 1:27 – 2:12.

In the SAC, Plaintiff alleges for the first time a claim for "unnecessary delay in releasing Plaintiff from custody," which is pled, apparently, pursuant to California common law. The remainder of Plaintiff's claims were alleged in past versions of the complaint. Plaintiff's second claim for relief is for violation of California's Bane Act, Cal. Civ. Code 52.1. Plaintiff's third claim for relief alleges violation of Plaintiff's equal protection rights under the Fourteenth Amendment in violation of 42 U.S.C § 1983 (hereinafter, Plaintiff's "Equal Protection claim").

2

Plaintiff's fourth claim for relief alleges violation of Plaintiff's right to due process under the Fourteenth Amendment in violation of 42 U.S.C. § 1983 (hereinafter, Plaintiff's "Due Process claim").

Plaintiff's SAC alleges additional facts not alleged in the original complaint that pertain to the alleged failure of Department to return Plaintiff's handgun and other items of personal property to Plaintiff.  The SAC alleges Plaintiff went to the Department office and filed two forms for the return of his property as directed by the person in charge on or about May 6, 2008. Plaintiff alleges he has returned to Department on a weekly basis and has been denied the return of his property, particularly his handgun, on each occasion.

## LEGAL STANDARD

A motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure can be based on the failure to allege a cognizable legal theory or the failure to allege sufficient facts under a cognizable legal theory.  Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530, 533-34 (9th Cir.1984).  To withstand a motion to dismiss pursuant to Rule 12(b)(6), a complaint must set forth factual allegations sufficient "to raise a right to relief above the speculative level."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) ("Twombly").  While a court considering a motion to dismiss must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), and must construe the pleading in the light most favorable to the party opposing the motion, and resolve factual disputes in the pleader's favor, Jenkins v. McKeithen, 395 U.S. 411, 421, reh'g denied, 396 U.S. 869 (1969), the allegations must be factual in nature.  See Twombly, 550 U.S. at 555 ("a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do").  The pleading standard set by Rule 8 of the Federal Rules of Civil Procedure "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) ("Iqbal").

3

The Ninth Circuit follows the methodological approach set forth in <u>Iqbal</u> for the assessment of a plaintiff's complaint:

> "[A] court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief."

<u>Moss v. U.S. Secret Service</u>, 572 F.3d 962, 970 (9th Cir. 2009) (quoting <u>Iqbal</u>, 129 S.Ct. at 1950).

**DISCUSSION**

**I. Common Law Claim for Delay of Release**

Plaintiff alleges there was an unreasonable delay in his release following his arrest. Plaintiff alleges there was no reason for the delay because he was cooperative during the arrest, provided identification as requested and established both through the complaining witness and the purported victim that no physical altercation had transpired between himself and the alleged victim. Plaintiff contends that Department policy requires that police conduct an "appropriate investigation at the scene and then, at the scene, determine whether the individual is to be released, cited and released, or jailed." Doc. # 24 at 5:1 - 2. Plaintiff contends Defendants are liable under common law for failure to follow their policy and for unnecessary and unreasonable delay in releasing Plaintiff.

The court finds that Plaintiff has failed to establish the existence of a cause of action for "unreasonable delay of release" separate and apart from any constitutional violation. The case Plaintiff cites, <u>People v. Thompson</u>, 27 Cal.3d 303 (1980) ("<u>Thompson</u>"), bears no discernable relevance to the situation at hand. The issue addressed in <u>Thompson</u> was whether a confession obtained during an allegedly illegal detention was admissible at trial. <u>Id.</u> at 328. The illegality alleged in <u>Thompson</u> was the result of the interval of time between the suspect's arrest and the time he is presented to the magistrate for arraignment. <u>Id.</u> at 329. While the court's discussion in <u>Thompson</u> refers to cases that discuss what factors come into play when assessing the length of a

4

delay in presentation for arraignment, neither Thompson or any case citing Thompson discusses, much less establishes, a civil remedy for a prolonged detention. The illegality that the Thompson court contemplated was derived from both statute and the California Constitution; not from common law. The Thompson case provides neither an independent basis to hold a detention illegal, nor any basis for a civil remedy should there be a finding that a detention is illegal.

The court concludes that if the detention Plaintiff experienced is to be actionable in a civil case, Plaintiff must prove that the detention was unlawful under existing federal or state statutory or constitutional law. Plaintiff has failed to show any basis for any common law claim for damages arising out of an unreasonably prolonged detention that can be asserted separate and apart from proof of violation of an underlying statutory or constitutional provision. Plaintiff's first claim for relief therefore fails to allege a claim for which relief can be granted and will therefore be dismissed with prejudice.

**II.  Plaintiff's Third Claim for Relief – Fourteenth Amendment Equal Protection**

Plaintiff's third claim for relief alleges infringement of Plaintiff's rights under the Equal Protection Clause of the Fourteenth Amendment in violation of 28 U.S.C. § 1983. The court's June 26 Order dismissed Plaintiff's Equal Protection claim because Plaintiff failed to allege any causal connection between Dash's "raghead" comment and the decision to transport Plaintiff to the jail for booking and because Plaintiff failed to allege that his treatment was in any way different than would have been experienced by any similarly situated non-sikh.

"To succeed on a § 1983 equal protection claim, the plaintiff[] must prove the defendants acted in a discriminatory manner and that the discrimination was intentional." Reese v. Jefferson School Dist. No. 14J, 208 F.3d 736, 740 (9th Cir. 2000). As to the second element of Plaintiff's equal protection claim, the court must accept as true Plaintiff's allegation that Dash referred to Plaintiff using a term of ethnic and religious derision. Based on that fact, there is no doubt that the facts alleged are sufficient to establish racial animus as a motivating factor behind any discriminatory treatment. Plaintiff's Fourteenth Amendment claim therefore turns on the issue

5

1   of whether there was discriminatory treatment.

2       As previously stated, the court assess the sufficiency of Plaintiff's complaint by
3   determining which allegations are factual in nature and therefore entitled to the presumption of
4   validity and which allegations are merely legal conclusions set forth as facts and not entitled to
5   the presumption of validity. Moss, 572 F.3d at 970.  In his SAC, Plaintiff has elaborated
6   substantially on the minimal allegations that were set forth in the previously dismissed claim set
7   forth in the First Amended Compliant.

8       In examining Plaintiff's SAC, the court finds the following are factual allegations entitled
9   to the presumption of validity for purposes of Defendants' motion to dismiss:

(1) Plaintiff and alleged victim, Ruth Alejo, are/were co-occupants of commercial office space in Merced, California.  On May 5, 2008, an argument arose between the two and a third person placed a 9-1-1 call to the Merced Police Department.  Doc. # 28 at ¶ 7.

(2) Merced City Police officers arrived on the scene and placed Plaintiff in custody.  The officers interviewed Alejo and the person who placed the 9-1-1 call.  Officers also interviewed Plaintiff following administration of the required advisements.  Doc. # 28 at ¶ 13.

(3) Sometime after the initial police response and during the interrogation period, defendant Dash arrived on the scene.  Doc. # 28 at ¶ 14.

(4) Dash is/was a police sergeant with supervisory authority.  Doc. # 28 at ¶ 2.

(5) Dash uttered words directed to the responding officers to the effect of "'before you cut that raghead loose, let me call his supervisor;'"  Doc. # 28 at ¶ 14.

(6) It is the policy of the Merced Police Department that, when responding to a report of domestic violence, the responding officers investigate at the scene and make a determination at the scene whether to not cite, cite and release, or transport to jail.  Doc. # 28 at ¶¶ 19, 44.

(7) Plaintiff was cooperative, there were no signs or report of physical altercation, Plaintiff produced proper identification and authorization for his firearm, and the witnesses and police officers at the scene confirmed Plaintiff's identity.  Doc. # 28 at ¶ 42.

23      Of central importance to Plaintiff's equal protection claim is the sufficiency of Plaintiff's
24  allegations supporting discrimination – whether Plaintiff was treated differently than a similarly
25  situated non-sikh – and causation – whether Dash's actions are causally connected to the
26  discriminatory treatment.  At paragraph 43 of the SAC, Plaintiff alleges "Dash would not have

held [P]laintiff and ordered him taken to the police station if he had not discriminated against Plaintiff because of his ethnicity and religion, . . . ." While Plaintiff's allegations disappoint the court preference for clear concise pleading, the inference to be drawn is obvious.  The court infers that it is Plaintiff's allegation that, but for his ethnicity and religion, Plaintiff would have either not been cited or cited and released at the scene.  What the court focuses on is not Plaintiff's conclusory allegation that Dash violated departmental policy, it is the inferred allegation that Plaintiff was ordered taken to the police station to be booked while another similarly situated person not of Plaintiff's ethnicity or religion would have been released on the scene, with or without citation.

      Standing by itself, Plaintiff's allegation of discriminatory treatment treads close to the line between factual allegation and impermissible conclusion.  However, combined with Plaintiff's allegation of Dash's "raghead" comment, the court feels compelled to find that, at least at the pleading stage, Plaintiff has sufficiently alleged discriminatory conduct.  The court is aware that it could grant the motion to dismiss for failure to make explicit the allegations that have been inferred.  However, the court would be bound to allow further amendment since the pleading defect could be easily corrected and the court feels that, at this juncture, the interests of justice are not served by further delay where the only product would be a clearer allegation of facts that are already clear by inference.

      As to causation, Plaintiff's SAC alleges that Dash's order not to "cut that raghead loose until I call his supervisor" caused Plaintiff to be transported to the jail instead of released or cited and released at the scene.  Again, Plaintiff could have pled with greater precision and clarity, but Plaintiff's allegation that Dash caused the delay in Plaintiff's release is sufficiently factual to rise above the bare "the-defendant-unlawfully-harmed-me" allegation disapproved in Iqbal.  The court concludes Plaintiff's complaint adequately alleges causation.

      Defendants, relying on comments in the court's memorandum opinion and order of April 8, 2009, contend Plaintiff's Fourteenth Amendment claim should be dismissed because Plaintiff

has again failed to allege his arrest was without probable cause. While it is true the court did discuss Plaintiff's failure to allege lack of probable cause, it did so in light of Plaintiff's then-woefully deficient pleading and expressly without the benefit of extensive research on the issue. The court dismissed Plaintiff's Fourteenth Amendment Equal Protection claim on other grounds and specifically stated it's decision was not based on Plaintiff's failure to plead lack of probable cause.

The allegations set forth in Plaintiff's SAC make it clear that Plaintiff is not alleging that he was unlawfully arrested; he is alleging that he received discriminatory treatment following his arrest. In this context, the court can find no authority for the proposition that probable cause for an arrest is a defense against claims of discriminatory treatment following arrest, nor do Defendants provide any such authority. The case the court cited, Hartman v. Moore, 547 U.S. 250 (2006), dealt with malicious prosecution not discriminatory treatment following arrest. The plaintiff in Hartman alleged he was unlawfully arrested and prosecuted in retaliation for statements made by the Plaintiff that were critical of certain governmental policies regarding the Postal Service. The plaintiff in Hartman was not a member of a protected class and the underlying allegation was that he was wrongly arrested and prosecuted in violation of the First Amendment, not the Fourteenth Amendment. Id. at 254. The court finds the holding in Hartman is not applicable in the current context. The court can find no authority to support a requirement that a plaintiff alleging violation of the Equal Protection Clause must allege unlawful arrest or lack of probable cause. The court finds such allegation is not a necessary element of Plaintiff's claim for violation of Fourteenth Amendment equal protection.

Defendants also contend Plaintiff's equal protection claim must be dismissed pursuant to Atwater v. City of Lago Vista, 532 U.S. 318, 354 (2001). Defendants' contention is without merit. The plaintiff's claim in Atwater was a Fourth Amendment claim for unlawful custodial detention following arrest for a fine-only infraction. The plaintiff in Atwater did not allege discriminatory treatment under the equal Protection Clause. Defendants' reliance on Atwater is

therefore misplaced.

The court concludes Plaintiff's claim for relief for infringement of rights secured by the Equal Protection Clause of the Fourteenth Amendment is sufficient to withstand a motion to dismiss for failure to state a claim. In reaching this conclusion the court recognized that the issue is a close one but the court's duty to construe the pleading in the light most favorable to the party opposing the motion, and resolve factual disputes in the pleader's favor, counsels in favor of allowing the case to proceed to discovery. Jenkins 395 U.S. at 421. Defendant's motion to dismiss Plaintiff's equal protection claim will therefore be denied.

**III. Plaintiff's Second Claim for Relief – Bane Act**

Plaintiff's second claim for relief alleges violation of California's Bane Act, Cal. Civ. Code § 52.1. As the court previously noted, California's Bane Act provides a cause of action against any person, acting under color of law, who "interferes by threats, intimidation, or coercion, or attempts to interfere by threats, intimidation, or coercion, with the exercise or enjoyment by any individual or individuals of rights secured by the Constitution or laws of the United States, or of the rights secured by the Constitution or laws of this state . . . ." Like a 1983 claim, a claim pursuant to California's Bane act confers no right of action in and of itself, but provides a remedy under state law for the violation of a right that is secured by the Constitution or law of the United States or the State of California.

In addition to the requirement that a right secured under the laws or constitutions of the state or federal government be violated under color of law, recovery under the Bane Act requires that the right be violated by means or force, threat of force, or coercion. Plaintiff's SAC alleges the discriminatory treatment he experienced was in the form of a prolonged custodial detention imposed upon him by reason of his ethnicity or religion. Since custodial detention is, by its nature coercive, Plaintiff's SAC adequately states a claim for relief under the Bane Act to the same extent it states a claim under section 1983. In short, Plaintiff's Bane Act claim succeeds or fails along with his Equal Protection claim. Since the court has concluded that Plaintiff's Equal

Protection claim adequately states a claim upon which relief can be granted, the court must reach the same conclusion with regard to Plaintiff's Bane Act claim. Defendants' motion to dismiss Plaintiff's claim pursuant to California's Bane Act will therefore be denied.

**IV. Fourteenth Amendment Due Process Violation**

Plaintiff's fourth claim for relief restates and realleges Plaintiff's claim under 28 U.S.C. § 1983 for violation of Plaintiff's procedural due process rights under the Fourteenth Amendment. As Defendants point out, this is the same claim that was dismissed with prejudice by the court in its June 26 Order. On July 10, 2009, Plaintiff submitted an *ex parte* request *nunc pro tunc* to "Correct Misunderstanding and Amend Second Amended Complaint" (the "*ex parte* Request") See Doc. # 25. The basis of Plaintiff's *ex parte* Request is Plaintiff's understanding that the court's June 26 Order dismissed the Plaintiff's procedural due process claim as set forth in the First Amended Complaint because Plaintiff had failed to comply with California's Tort Claim Act, Cal. Gov. Code §§ 900 - 985. Plaintiff's *ex parte* Request asserts that the SAC failed to alleged compliance with California's Tort Claims Act because of a drafting error and seeks to amend the SAC by correcting that error and a couple of other minor drafting errors.

Plaintiff's *ex parte* Request misperceives the court's June 26 Order. The SAC, both as originally alleged and as amended, alleges that the failure of the Merced City Police Department to return Plaintiff's handgun, holster and ammunition constitutes a violation of Plaintiff's right to procedural due process under the Due Process Clause of the Fourteenth Amendment of the United States Constitution. What the court said in its June 26 Order, and what remains true, is that pursuant to Parratt v. Taylor, 451 U.S. 527 (1981), where there exists an adequate post-depravation remedial process under state law, there is no Fourteenth Amendment due process violation. Id. at 543. As the court's June 26 Order noted, the Ninth Circuit has held that California's Tort Claims Act provides a constitutionally adequate remedial process. Barnett v. Centoni, 31 F.3d 813, 816 - 817 (9th Cir. 1994).

It is the *existence* of an adequate state law process, not a plaintiff's failure to exhaust that

process, that precludes any claim of violation of the Due Process Clause.  The fact that the Merced Police Department denied Plaintiff request for the return of his property does not mean that the process is somehow constitutionally defective; it simply means that Plaintiff is now authorized to take the next legal step.  The allegation of an infringement of constitutional rights under the Due Process Clause is not that step.  Plaintiff's *ex parte* Request will be denied. Plaintiff's fourth claim for relief as set forth in the SAC will remain dismissed with prejudice.

**V.  Dismissal of Merced City Police Department**

As of the issuance of this order, Plaintiff's SAC will have two remaining viable claims, both alleged specifically against defendant Dash only.  Merced City Police Department is no longer a named defendant as to any remaining claim.  Merced City Police Department will therefore be dismissed.

THEREFORE, in consideration of the foregoing, it is hereby ORDERED that:

1. Defendants' motion to dismiss Plaintiff first claim for relief for prolonged detention under common law is GRANTED.  Plaintiff's first claim for relief is DISMISSED with Prejudice.
2. Defendants' motion to dismiss Plaintiff's second claim for relief is DENIED.
3. Defendant's motion to dismiss Plaintiff's third claim for relief is DENIED.
4. Defendants' motion to deny Plaintiff's *ex parte* Request to correct errors in the Second Amended Complaint is GRANTED.  Plaintiff's fourth claim for relief for violation of Plaintiff's procedural due process rights under the Fourteenth Amendment remains DISMISSED with prejudice.
5. Merced City Police Department is DISMISSED as to all remaining claims in the complaint.

IT IS SO ORDERED.

Dated:   **January 19, 2010**             /s/ Anthony W. Ishii
                                          CHIEF UNITED STATES DISTRICT JUDGE